# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KELTIE KERNEY,** | |
| Plaintiff, | Case No. 2:12CV00004 |
| v. | **OPINION AND ORDER** |
| **MOUNTAIN STATES HEALTH ALLIANCE, ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*Timothy W. McAfee, Timothy W. McAfee, P.L.L.C., Norton, Virginia, for Plaintiff. Kimberly W. Daniel and Emily M. Scott, Hancock, Daniel, Johnson and Nagle, P.C., Glen Allen, Virginia, for Defendants.*

In this employment discrimination case, the defendants have filed a Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because I find that the plaintiff failed to exhaust the available administrative remedies for her retaliation claim, I will grant the defendants' motion and dismiss that claim.

I

The plaintiff, Keltie Kerney, was employed as the Home Health Director at defendant Norton Community Hospital ("NCH") in Norton, Virginia.[1] Kerney alleges that she was wrongfully terminated on December 14, 2010, the day she returned to work from medical leave.

Kerney alleges that throughout her employment her performance was satisfactory, she received positive performance reviews, and her salary was increased. In May 2010, Kerney informed her supervisor that she was having medical problems with her left eye and that treatment "would require future medical leave and would possibly require accommodations in order to continue in her role as Director of Home Health." (Am. Compl. ¶ 41.)

Kerney received medical leave from August 19, 2010, through December 14, 2010. Kerney alleges that she was released by her physician to return to work on December 14, 2010, "with accommodations." (Am. Compl. ¶ 45.) She does not set forth what those accommodations were or whether she communicated the need for accommodation to the defendants. Kerney contends that she was terminated on December 14, 2010, and replaced by a younger individual who lacked her qualifications and did not have a vision impairment. Kerney asserts that

---

[1] The Amended Complaint alleges that Mountain States Health Alliance ("MSHA"), the other defendant in this case, owns and manages NCH and that Kerney was employed by both NCH and MSHA.

the defendants discriminated against her on the basis of her age and disability. Kerney also claims that the defendants retaliated against her "for her requests that accommodations be provided due to her vision impairment. . . ." (Am. Compl. ¶ 52.) Kerney alleges that she filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that she met all the administrative prerequisites for bringing this action.

As shown by the record, Kerney filed a Charge of Discrimination with the EEOC in September 2011.[2] In the charge, Kerney checked the boxes stating that she was claiming discrimination based on age and disability. She did not check the box stating that she was claiming retaliation. Although Kerney's narrative description of the facts in the charge closely corresponds to her Amended Complaint, Kerney stated in the charge that the "actual basis for my termination is a combination of age discrimination and disability discrimination." (Mem. of Law in Supp. of Defs.' Partial Mot. to Dismiss Ex. A.) She did not mention retaliation. She also stated, "I was released by my physician to return to work on December

---

[2] Kerney did not exhibit a copy of the charge with her Amended Complaint but the defendants attached a copy to their Partial Motion to Dismiss. In determining whether subject-matter jurisdiction exists pursuant to a Rule 12(b)(1) challenge, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

14, 2010. When I arrived at work, I was terminated." (*Id.*) She did not describe the accommodations allegedly prescribed by her physician.

II

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768. The district court should apply the standard for a motion for summary judgment. *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Kerney claims that her termination was in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C.A. §§ 621-634 (West 2008 & Supp. 2012), and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2012). Before a plaintiff can bring a suit under these statutes, she is required to file a charge of discrimination with the EEOC. *See Sydnor v. Fairfax Cnty., Va.,* 681 F.3d 591, 593 (4th Cir. 2012) (noting that the ADA requires that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plaintiff may file suit under Title VII or the ADEA, he is

Case 2:12-cv-00004-JPJ-PMS   Document 18   Filed 07/11/12   Page 4 of 11   Pageid#: 124

required to file a charge of discrimination with the EEOC."). The exhaustion requirement is integral to the enforcement scheme for the federal discrimination statutes. *Sydnor,* 681 F.3d. at 593 (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005)). Requiring a party to first file a charge with the EEOC ensures that the employer is given notice of the alleged claims, allowing the employer a chance to remedy discrimination before litigation commences, and provides the parties recourse to resolution in a more efficient and less formal manner. *Sydnor,* 681 F.3d. at 593. Failure to exhaust administrative remedies deprives a federal court of subject-matter jurisdiction over the claim. *Jones*, 551 F.3d at 300.

The statute's goals would be "undermined, however, if a plaintiff could raise claims in litigation that did not appear in his EEOC charge." *Sydnor*, 681 F.3d at 593. "To prevent such gamesmanship, we have held that the 'scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents.'" *Id.* (quoting *Jones*, 551 F.3d at 300). The Fourth Circuit has found that exhaustion is not satisfied where the administrative charges "reference different time frames, actors, and discriminatory conduct" from the complaint and where the charge alleges one type of discrimination (race) but the complaint alleges either multiple types or different types (race and sex). *Sydnor,* 681 F.3d. at 593.

-5-

On the other hand, the Fourth Circuit has stressed that "the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Id.* at 594. Therefore, if "'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she may 'advance such claims in her subsequent civil suit.'" *Id.* (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)). In determining whether the exhaustion requirement has been met in any individual case, a court must endeavor to "strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor*, 681 F.3d at 594.

In this case, Kerney's EEOC charge stated that she was claiming discrimination based on age and disability. She checked the boxes indicating that she was claiming discrimination based on age and disability and her narrative stated that "[t]he actual basis for my termination is a combination of age discrimination and disability discrimination." (Mem. of Law in Supp. of Defs. Partial Mot. to Dismiss Ex. A.) Kerney did not check the box indicating that she was claiming retaliation and the charge did not mention retaliation at all. On the face of it, Kerney did not raise the retaliation claim before the EEOC. *See Miles v. Dell, Inc.*, 429 F.3d 480, 491-92 (4th Cir. 2005) (finding that plaintiff failed to exhaust administrative remedies for retaliation claim where she did not check the

-6-

Case 2:12-cv-00004-JPJ-PMS   Document 18   Filed 07/11/12   Page 6 of 11   Pageid#: 126

retaliation box on her charge form and did not mention retaliation in her narrative description of the charge).

Kerney argues that her retaliation claim is reasonably related to the claims raised in her EEOC charge and should be allowed to proceed. She contends that her Amended Complaint tracks the EEOC charge in that it alleges the same time frames, actors and discriminatory conduct. Kerney essentially argues that her retaliation claim could be reasonably inferred from the EEOC charge because in the charge she asserted that she requested accommodation for her disability but instead was terminated.

Kerney's argument fails, in part, because it rests precisely upon the gap between the facts alleged in her EEOC charge and those alleged in the Amended Complaint. In her Amended Complaint, Kerney alleges that she required accommodation for her disability upon returning to work and she was fired that day.[3] However, in her EEOC charge, Kerney only alleged that she notified her supervisor of the possible need for accommodation in May 2010, before she went on medical leave. She was on medical leave from August 2010 through December 2010. She was terminated upon returning to work in December. Nowhere in her charge does she state that she either required accommodation upon returning to work, as alleged in the Amended Complaint, or that she communicated such a need

---

[3] She does not allege that her need for accommodation was communicated to her employers, a problem which is addressed below.

-7-

to her employer. Thus, according to the facts laid out in the charge, she requested accommodation, she was given a long medical leave, and then she was terminated upon returning to work, seven months after requesting accommodation. These facts do not reasonably lead to the inference that she claimed retaliation for requesting accommodation, especially since she was apparently granted a significant accommodation in the form of medical leave. This is particularly true when one considers that failure to provide reasonable accommodation for a disability is grounds for a substantive disability discrimination claim, *Sydnor*, 681 F.3d at 594, as well as a "protected activity" in the retaliation context, *Lamb v. Qualex, Inc.*, 33 F. App'x 49, 60 (4th Cir. 2002) (unpublished). Reasonably interpreted, Kerney's request for accommodation as alleged in her EEOC charge goes to establishing her claim for discrimination based on her disability, not retaliation. *See Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (unpublished) ("Thus, a reasonable investigation would not focus on sex discrimination merely because [the charging party] identified the sex of certain involved persons.").

Further, the charge does not allege facts showing a close temporal proximity of retaliatory action to the request for accommodation that could have given either the defendants or the EEOC notice that the plaintiff was claiming that her termination was retaliation. *See Clark Cnty. School Dist. v. Breeden*, 532 U.S.

268, 271 (2001) (per curiam) (noting the importance of temporal proximity between the protected activity and the adverse employment action in establishing a retaliation claim). The fact that the EEOC charge alleged that she requested accommodation is simply not sufficient to establish that her administrative and judicial claims are reasonably related. The EEOC charge would not have given either the EEOC or the defendants any reason to expect a retaliation claim nor would it have reasonably triggered an EEOC investigation of possible retaliation.[4] For these reasons, Kerney failed to exhaust her administrative remedies for her retaliation claim and I must dismiss the claim for lack of subject-matter jurisdiction.

Even if this court had subject-matter jurisdiction over Kerney's retaliation claim, I would dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a claim must be dismissed if it does not contain any "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court will generally accept a complaint's factual allegations as true, the complaint must contain

---

[4] Kerney's retaliation claim does not fall into the limited exception to exhaustion for claims based upon retaliation for the filing of an EEOC charge. *See Jones*, 551 F.3d at 301-02. The alleged retaliation, her termination, occurred in December 2010, well before she filed her charge in September 2011.

"enough facts to state a claim that is 'plausible on its face,' meaning more than the speculative possibility of the defendant's liability." *Trail v. Gen. Dynamics Armament & Technical Prods., Inc.*, 697 F. Supp. 2d 654, 657 (W.D. Va. 2010) (quoting *Iqbal*, 556 U.S. at 678)).

To make out a prima facie case for retaliation, the plaintiff must show (1) that she engaged in a protected activity, (2) that the employer took an adverse employment action against her, and (3) that a causal connection exists between the protected activity and the adverse employment action. *Lamb*, 33 F. App'x at 60. The plaintiff's claim for retaliation has to be based on her return to work under a doctor's order requiring accommodation because her initial request for accommodation (in May) was granted and she was given medical leave lasting several months. However, the Amended Complaint does not allege that she communicated the second request for accommodation to the defendants or that the defendants otherwise knew about her need for accommodation upon returning to work after her medical leave. *See Parkinson v. Anne Arundel Med. Ctr.,* 79 F. App'x 602, 604-05 (4th Cir. 2003) (unpublished) ("[B]efore he could establish that appellees refused to provide reasonable accommodation in violation of the ADA, Parkinson *first* must have, at minimum, communicated to appellees a wish for accommodation of his disability.") If the need for accommodation was not communicated to the defendants, then there is no causal connection between her

request for accommodation and her termination. Because the Amended Complaint does not allege that the need for accommodation upon return from leave was communicated to defendants or known by defendants, it fails to state a claim for retaliation.

### III

For the reasons stated, it is **ORDERED** that:

1. Defendants' Partial Motion to Dismiss (ECF No. 7) is GRANTED; and
2. Plaintiff's claim of retaliation is DISMISSED for lack of subject-matter jurisdiction.

ENTER: July 11, 2012

/s/ James P. Jones
United States District Judge